UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Larry James Tyler, ) | C/A No. 4:24-cv-03689-MGL-MHC |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **REPORT AND RECOMMENDATION** |
| ) | |
| Alan Wilson; James Hudson, Jr., ) | |
| ) | |
| Defendants. ) | |
| ) | |

Plaintiff Larry James Tyler, a pro se litigant, brings this civil action pursuant to 42 U.S.C. § 1983 (§ 1983). Under 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.), pretrial proceedings in this action have been referred to the assigned United States Magistrate Judge.

## I.    BACKGROUND

Plaintiff, a frequent litigator who has filed more than forty cases in this court, is currently detained at the Darlington County Detention Center (DCDC). Defendants are South Carolina Attorney General Alan Wilson (Wilson) and Darlington County Sheriff James Hudson, Jr. (Hudson). Plaintiff appears to complain about his prior criminal proceedings and his ongoing proceedings under the Sexually Violent Predator Act SVPA, S.C. Code Ann. §§ 44-48-10 to -180.

A brief summary of Plaintiff's criminal and SVPA proceedings is found below. This Court may take judicial notice[1] of facts outlined in one of Plaintiff's previous cases. *See Tyler v. Dir. of Darlington Cnty. Det. Ctr.*, No. 922CV01623MGLMHC, 2023 WL 3587889, at *3 (D.S.C. May 2, 2023), *report and recommendation adopted*, 2023 WL 3587212 (D.S.C. May 22, 2023).

---

[1] A federal court may take judicial notice of the contents of its own records, as well as those records of other courts. *See Aloe Creme Labs., Inc. v. Francine Co.*, 425 F.2d 1295, 1296 (5th Cir. 1970); *Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989) (noting that courts may take judicial notice of other courts' records and proceedings).

Plaintiff was indicted in the Court of General Sessions for Darlington County for criminal solicitation of a minor, second-degree sexual exploitation of a minor, contributing to delinquency of a minor, and disseminating harmful material to minors (referred to herein as the four criminal charges). He proceeded to trial, represented by counsel, in February 2013. The jury found Plaintiff guilty of all four criminal charges, and Plaintiff was sentenced to three years' imprisonment for contributing to delinquency of a minor and eight years each for the other three charges, all to run concurrently.

Plaintiff filed a timely appeal, and the South Carolina Court of Appeals affirmed Plaintiff's convictions and sentences on January 14, 2015. He filed an application for post-conviction relief (PCR) on January 2, 2015, which was dismissed on November 4, 2016. Plaintiff appealed the denial of his PCR application. On March 16, 2022, the South Carolina Court of Appeals found that trial counsel's failure to move for a separate trial on Plaintiff's sexual exploitation charge constituted deficient performance that resulted in prejudice and reversed and remanded for a new trial. The State filed a petition for rehearing, which the Court of Appeals granted, On June 22, 2022, the Court substituted a new opinion affirming Plaintiff's conviction for second-degree exploitation of a minor but reversing and remanding on the other three charges. The matter was remitted to the lower court on July 14, 2022.

On October 12, 2015, while Plaintiff's PCR action was pending, the State filed a petition pursuant to the SVPA alleging that Plaintiff qualified as a sexually violent predator under the SVPA and should be committed to the custody of the South Carolina Department of Mental Health for long-term control, care, and treatment. Plaintiff moved to dismiss those proceedings and specifically objected to the requirement that he submit to a penile plethysmograph examination. After a hearing, the presiding South Carolina Circuit Court Judge denied Plaintiff's motion to

dismiss, granted Plaintiff time to cooperate with the evaluation, and instructed that, if he did not cooperate, he would be held in contempt and continue to be detained at the DCDC. Plaintiff refused to participate in the evaluation, and on October 31, 2016, the presiding judge ordered that Plaintiff be held in contempt and remain at the DCDC.

Although Plaintiff's eight-year sentence for second-degree exploitation of a minor (the charge that was not overturned) has expired, he is currently being held at the DCDC pursuant to the contempt order. In the present action, Plaintiff appears to bring claims under § 1983 for alleged violations of his constitutional rights. He claims that the alleged incidents occurred at the DCDC on June 22, 2022. ECF No. 1 at 5.

Plaintiff alleges that around June 22, 2022, in the Supreme Court of South Carolina, evidence was submitted to the court that "Defendants for the State" allegedly "knew was obtained by the police without the legal right to enter [his] home and take [his] computer." ECF No. 1 at 13. He claims that illegally obtained evidence was used to convict him of "illegal porn." *Id.* Plaintiff also complains about his attorneys in his criminal proceedings. *Id.* Plaintiff claims that Defendants "never told the court they were introducing illegal evidence into court to confirm [his] conviction." ECF No. 1 at 13-14.

Plaintiff also complains about his SVPA proceedings that began in September 2015. He alleges that decisions made in those proceedings are invalid because three of his criminal convictions were overturned. He also appears to claim that that his conviction of second-degree sexual exploitation of a minor under S.C. Code Ann. § 16-15-405 is not a violent crime[2] such that

---

[2] Second degree sexual exploitation of a minor is classified as a violent crime in South Carolina. S.C. Code Ann. § 16-1-60.

it cannot be used to find him to be a sexually violent predator under the SVPA. He also complains about other disclosures made during SVPA proceedings. ECF No. 1 at 15-16.

As relief, Plaintiff requests a declaratory judgment stating that Defendants violated Plaintiff's Fourteenth Amendment rights; an evidentiary hearing to discover evidence of an allegedly illegal seizure warrant the State obtained; an injunction to the Supreme Court "to carry out the legal procedure when illegal evidence is submitted in [Plaintiff's state] case no. 2016-002364 on March 16, and June 22, 2022"; dismissal of indictments because there allegedly was no probable cause to obtain them; and an injunction for the state to release Plaintiff from under SVPA commitment immediately. ECF No. 1 at 19-20.

## II.     STANDARD OF REVIEW

This case is before the Court for pre-service review. *See* 28 U.S.C. § 1915(e)(2)(B); *In re Prison Litigation Reform Act*, 105 F.3d 1131, 1134 (6th Cir. 1997) (pleadings by non-prisoners should also be screened). Under established local procedure in this judicial district, a careful review has been made of the pro se Complaint herein pursuant to the procedural provisions of § 1915, and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); and *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983).

Section 1915 permits an indigent litigant to commence an action in federal court without paying the administrative costs of proceeding with the lawsuit. However, to protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "is frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). A finding of frivolousness can be made where the complaint "lacks an arguable

basis either in law or in fact." *Denton v. Hernandez*, 504 U.S. at 31. Hence, under § 1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed sua sponte. *Neitzke v. Williams*, 490 U.S. at 327.

This Court is required to liberally construe pro se complaints, which are held to a less stringent standard than those drafted by attorneys. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *King v. Rubenstein*, 825 F.3d 206, 214 (4th Cir. 2016). Nonetheless, the requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 684 (2009) (outlining pleading requirements under Rule 8 of the Federal Rules of Civil Procedure for "all civil actions").

### III.    DISCUSSION

It is recommended that this action be summarily dismissed for the reasons discussed below.

A.    Appeal from State Court Action

To the extent that Plaintiff is attempting in this § 1983 case to appeal the results of a ruling from a state court action as to his previous criminal convictions and sentences or his SVPA proceedings, the current action should be dismissed for lack of jurisdiction because federal district courts do not hear "appeals" from state court actions. *See District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 476-82 (1983) (a federal district court lacks authority to review final determinations of state or local courts because such review can only be conducted by the Supreme Court of the United States under 28 U.S.C. § 1257); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *see also Hulsey v. Cisa*, 947 F.3d 246 (4th Cir. 2020). It is well-established that a state court litigant may not "appeal" an unfavorable decision by means of a § 1983 action. *See Duren v. Hood*, No. 2:17-cv-1127-JMC-MGB, 2018 WL 3687977, at *7 (D.S.C. July 2, 2018), *report*

*and recommendation adopted*, 2018 WL 3660094 (D.S.C. Aug. 2, 2018); *see also Holsey v. Bass*, 519 F. Supp. 395, 413 (D. Md. 1981) (§ 1983 claim expressing unhappiness with the outcome of prior litigation is frivolous and not a substitute for appeal). To rule in favor of Plaintiff on claims filed in this action may require this court to overrule and reverse orders and rulings made in the state court. Such a result is prohibited under the *Rooker–Feldman* doctrine. *See Davani v. Virginia Dep't. of Transp.*, 434 F.3d 712, 719-720 (4th Cir. 2006); *see also Exxon Mobil Corp. v. Saudi Basic Industries Corp.*, 544 U.S. 280, 293-294 (2005); *Jordahl v. Democratic Party of Va.*, 122 F.3d 192, 201 (4th Cir. 1997).[3]

      Appeals of orders issued by lower state courts must go to a higher state court. Congress, for more than two hundred years, has provided that only the Supreme Court of the United States may review (review is discretionary by way of a writ of certiorari and is not an appeal of right) a decision of a state's highest court. *See* 28 U.S.C. § 1257; *Ernst v. Child and Youth Servs.*, 108 F.3d 486, 491(3d Cir. 1997). This Court cannot sit in judgment of a state court decision, and must dismiss the case for lack of subject matter jurisdiction. *See, e.g., Moore v. Commonwealth of Virginia Dep't of Soc. Servs.*, No. 3:15CV515, 2016 WL 775783, at *5 (E.D. Va. Feb. 25, 2016).

---

[3] The *Rooker-Feldman* doctrine is applicable both to claims at issue in a state court order and to claims that are "inextricably intertwined" with such an order. *See Exxon Mobil*, 544 U.S. at 284. Plaintiff has not alleged any facts to indicate that this is a case where the federal complaint raises claims independent of, but in tension with, a state court judgment such that the *Rooker-Feldman* doctrine would not be an impediment to the exercise of federal jurisdiction. *See Vicks v. Ocwen Loan Servicing, LLC*, 676 F. App'x 167 (4th Cir. 2017) (district court erred in applying *Rooker-Feldman* doctrine to bar appellants' claims where the claims did "not seek appellate review of [the state court] order or fairly allege injury caused by the state court in entering that order"); *Thana v. Bd. of Licenser Comm'rs for Charles Cty., Md.*, 827 F.3d 314, 320 (4th Cir. 2016) (*Rooker-Feldman* doctrine is not an impediment to the exercise of federal jurisdiction when the federal complaint raises claims independent of, but in tension with, a state court judgment simply because the same or related question was aired earlier by the parties in state court).

Plaintiff appears to be asking this Court to find that his constitutional rights were violated as to his criminal proceedings, appellate review of those decisions, and/or his SVPA proceedings. To grant this relief, however, the Court would have to conduct what amounts to an appellate review of issues already decided by a state court of competent jurisdiction and override, or otherwise find invalid state court rulings. This is precisely the type of impermissible "appellate review" barred under the *Rooker-Feldman* doctrine. *See Stanfield v. Charleston Cty. Court*, Case No. 2:15-cv-00756-PMD-MGB, 2015 WL 4929186, at *5 (D.S.C. Aug. 18, 2015) ("Despite Plaintiff's strenuous attempts to distinguish his cause of action as a violation of constitutional law as opposed to an attack on a state court judgment, Plaintiff has no claim independent of the adverse state-court decisions."); *Bell v. Stirling*, No. 122CV01319TMCMGB, 2022 WL 5236739, at *6 (D.S.C. Aug. 31, 2022), *report and recommendation adopted*, No. 1:22-CV-1319-TMC, 2022 WL 4462951 (D.S.C. Sept. 26, 2022).

B.  <u>Release from Detention Not Available</u>

Plaintiff appears to be requesting release from confinement. However, a challenge to the fact or duration of his current confinement at the DCDC is not a claim that can be brought under § 1983, and release from confinement is not a remedy available in a civil rights action. *See Heck v. Humphrey*, 512 U.S. 477, 481 (1994) (stating that "habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release, even though such a claim may come within the literal terms of § 1983"); *Preiser v. Rodriguez*, 411 U.S. 475, 487–88 (1973) (attacking the length or duration of confinement is within the core of habeas corpus).

C.   Younger/Interference with Pending State Proceedings

Additionally, this Court should not interfere with any of Plaintiff's pending state court proceedings , including pending SVPA proceedings. In *Younger v. Harris*, 401 U.S. 37 (1971), the Supreme Court held that a federal court should not interfere with state criminal proceedings "except in the most narrow and extraordinary of circumstances." *Gilliam v. Foster*, 75 F.3d 881, 903 (4th Cir. 1996).

To determine whether *Younger* applies, the court follows a three-step analysis. *See Air Evac EMS, Inc. v. McVey*, 37 F.4th 89, 96 (4th Cir. 2022). First, a court must determine whether the state court proceeding falls within one of three narrow categories: (1) "ongoing state criminal prosecutions," (2) "certain civil enforcement proceedings" that are "akin to a criminal prosecution in important respects," or (3) "pending civil proceedings involving certain orders ... uniquely in furtherance of the state courts' ability to perform their judicial functions." *Sprint Commc'ns, Inc. v. Jacobs*, 571 U.S. 69, 78-79, 82 (2013) (internal quotations and citations omitted) (clarifying that *Younger* extends to three "exceptional categories" of cases "but no further"). Next, the court considers the "additional factors" of whether (1) there is "an ongoing state judicial proceeding"; (2) the proceeding "implicates important state interests"; and (3) the plaintiff has "an adequate opportunity to raise [federal] challenges" in the state proceeding. *Id.* at 81 (emphasis in original and citation omitted); *see Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982); *Brown-Thomas v. Hynie*, 441 F. Supp. 3d 180, 219 (D.S.C. 2019) (citing *Martin Marietta Corp. v. Md. Comm'n on Hum. Rels.*, 28 F.3d 1392, 1398 (4th Cir. 1994)). Finally, the court considers whether any of *Younger*'s exceptions apply. Abstention is not appropriate if:

> (1)There is a showing of bad faith or harassment by state officials responsible for the prosecution; (2) the state law to be applied in the criminal proceeding is flagrantly and patently violative of express constitutional prohibitions; or (3) other

8

> extraordinary circumstances exist that present a threat of immediate and irreparable injury.

*Nivens v. Gilchrist*, 444 F.3d 237, 241 (4th Cir. 2006) (quoting *Kugler v. Helfant*, 421 U.S. 117, 124 (1975)).

SVPA proceedings fall within the second *Sprint* category as they are "civil enforcement proceedings" that are "akin to a criminal prosecution in important respects." *Sprint*, 571 U.S. at 78, 79. The proceedings under the SVPA have the characteristic of cases falling in the second category, including that the proceedings are "initiated by the State in its sovereign capacity" following a "preliminary investigation" and upon "filing of a formal complaint or charges." [4] *Id.* at 79-80; *see Braxton v. Warden of Anderson Cnty. Det. Ctr.*, No. CV82202806HMHJDA, 2022 WL 9477346 (D.S.C. Oct. 13, 2022) (noting that the SVPA proceedings fit within the second *Sprint* category because they are brought by the State in its sovereign capacity following an investigation and the filing of a formal petition and they possess many similarities to traditional criminal proceedings), *appeal dismissed*, No. 22-7232, 2023 WL 4701007 (4th Cir. July 24, 2023), *cert. denied sub nom. Braxton v. Warden*, 144 S. Ct. 1075 (2024).

---

[4] The SVPA provides a series of procedures beginning with notice from a state agency that a person convicted of a sexually violent offense is scheduled to be released. A multidisciplinary team appointed by SCDC conducts an "investigation" into the individual's criminal and medical history. S.C. Code Ann. §§ 44-48-40, 44-48-50. If the team believes that the person meets the sexually violent predator statutory definition, the team forwards its findings to a prosecutor's review committee appointed by the Attorney General. *Id.* §§ 44-48-50, 44-48-60. If the review committee, in turn, finds probable cause that the person is a sexually violent predator, the Attorney General "formally" "initiates" the proceeding by petitioning the court in the jurisdiction where the person committed the underlying offense for a probable cause hearing. *Id.* § 44-48-70. At the hearing, the individual is entitled to be represented by an attorney, to present evidence, and to cross examine witnesses. *Id.* § 44-48-80(C). If the court finds probable cause, the person is taken into custody until a final determination is made. *Id.* § 44-48-80(A). If the person is found to be a sexually violent predator beyond a reasonable doubt at trial, either by the court or a unanimous jury – if the person elects to be tried by a jury – he or she is involuntarily committed to a state facility. *Id.* §§ 44-48-90(B), 44-48-100(A).

This case also meets the three additional factors. Plaintiff seeks injunctive relief relating to SVPA civil commitment proceedings in the State court.[5] As such, the first criterion is met as the SVPA proceeding remains pending at this time. The second criterion is also met because the Supreme Court of South Carolina has upheld the SVPA and its procedures as a constitutionally valid exercise of the State's power to protect its citizens from sexually violent predators. *See Tyler v. Byrd*, C/A No. 4:16-cv-00400-MGL-BM, 2016 WL 4414834, at *3 (D.S.C. July 27, 2016), *report and recommendation adopted*, 2016 WL 4374982 (D.S.C. Aug. 16, 2016) (citing *In re Treatment and Care of Luckabaugh*, 568 S.E.2d 338, 348 (S.C. 2002)). Third, Plaintiff has the ability to raise his objections to matters in the SVPA civil commitment proceedings in the Darlington County Court of Common Pleas as well as in the South Carolina appellate courts.

Finally, Plaintiff has alleged no facts to indicate that the proceeding was instituted in bad faith or to harass Plaintiff, the Supreme Court of South Carolina has upheld the SVPA against due process and equal protection challenges,[6] and Plaintiff has not alleged any "extraordinary circumstances" justifying federal interference with the state proceedings. *See Robinson v. Thomas*, 855 F.3d 278, 286 (4th Cir. 2017) ("A federal court may disregard *Younger*'s mandate to abstain from interfering with ongoing state proceedings only where 'extraordinary circumstances' exist that present the possibility of irreparable harm."); *Nivens v. Gilchrist*, 444 F.3d at 241. As such, *Younger* abstention applies, and this action should be dismissed.[7]

---

[5] Plaintiff appears to argue that he has already been found to be a sexually violent predator. However, although it appears that a court found probable cause that Plaintiff is a sexually violent predator such that Plaintiff was taken into custody at the DCDC until a final determination is made, there is no indication that Plaintiff, who is still at DCDC and does not appear to have been involuntarily committed to a state facility, has received a trial to determine if he is a sexually violent predator. *See* S.C. Code Ann. §§ 44-48-40-44-48-90.

[6] *See In re Treatment & Care of Luckabaugh*, 568 S.E.2d at 346-52.

[7] To the extent that Plaintiff is requesting that this Court interfere with any state appellate proceedings that still remaining as to the four criminal cases, this action is subject to summary

D.     Failure to State a Claim

Defendant James Hudson, Jr. is subject to summary dismissal because Plaintiff fails to state a claim against this Defendant. Plaintiff complains about his criminal proceedings, including his arrest, and appellate proceedings. He also complains about SVPA proceedings. However, Plaintiff fails to provide any specific facts to support a claim that Defendant Hudson violated his federal constitutional or statutory rights. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (requiring, in order to avoid dismissal, "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests'" (quoting Fed. R. Civ. P. 8(a)(2))). Plaintiff only assert that he has named Hudson as a Defendant "since he is the one incarcerating me." ECF No. 1 at 18. Although the "liberal pleading requirements" of Rule 8(a) only require a "short and plain" statement of the claim, a plaintiff must "offer more detail ... than the bald statement that he has a valid claim of some type against the defendant." *Trulock v. Freeh*, 275 F.3d 391, 405 (4th Cir. 2001) (internal citations omitted); *see also White v. White*, 886 F.2d 721, 723 (4th Cir. 1989) (district court did not abuse discretion by dismissing plaintiff's complaint which "failed to contain any factual allegations tending to support his bare assertion").

Even if the Plaintiff is attempting to assert a claim for false arrest, false imprisonment, or malicious prosecution based on the subsequent reversal of three of his four criminal charges, he fails to state a claim because the fourth charge was not overturned. He was arrested, detained,

---

dismissal. *Howell v. Wilson*, No. 4:13-cv-2812-JFA-TER, 2014 WL 1233703, at *3 (D.S.C. Mar. 25, 2014) (explaining that a PCR application is still part of a "pending criminal case as that terminology is understood under *Younger* and its progeny") (internal quotation marks and citations omitted); *Smith v. Bravo*, No. 99 C 5077, 2000 WL 1051855, *5 (N.D. Ill. 2000) (presuming that *Younger* abstention would apply to civil case that could interfere with post–conviction proceedings); *Lockheart v. Chicago Police Dep't*., No. 95 C 343, 1999 WL 639179, *2 (N.D. Ill. Aug. 17, 1999) (applying *Younger* because post-conviction proceedings were pending).

11

searched, prosecuted, and later imprisoned on the fourth charge at the same time as these proceedings occurred as to the other three charges. As was noted in an earlier § 1983 case Plaintiff brought against prosecutors John W. Holt and Patti McKenzie Parker, Plaintiff's term of incarceration for his conviction of second-degree sexual exploitation of a minor was for eight years (and his sentences as to the three other criminal charges were each for eight years or less to run concurrently) such that he cannot establish that Defendants proximately caused him any injury. *See Tyler v. Holt*, No. 922CV01034MGLMHC, 2023 WL 4110154, at *4 (D.S.C. May 31, 2023), *report and recommendation adopted*, 2023 WL 4110051 (D.S.C. June 21, 2023).

Additionally, as noted in a number of Plaintiff's previous cases, he was arrested pursuant to a warrant. *See, e.g., Tyler v. Hodges*, No. CV 4:17-02451-MGL, 2018 WL 317126, at *1 (D.S.C. Jan. 8, 2018); *Tyler v. Jones*, No. CV 4:17-404-MGL-BM, 2017 WL 1194657, at *1 (D.S.C. Mar. 17, 2017), *report and recommendation adopted*, 2017 WL 1177093 (D.S.C. Mar. 30, 2017), *aff'd*, 696 F. App'x 116 (4th Cir. 2017); *Tyler v. Byrd*, No. CIV.A. 9:12-3183-MGL, 2013 WL 5657957, at *2 (D.S.C. Oct. 15, 2013). As to any claim for false arrest, it is well established that one arrested pursuant to a facially valid warrant has no cause of action for false arrest. *Bushardt v. United Inv. Co.,* 113 S.E. 637, 639 (S.C. 1922); *see also Porterfield v. Lott*, 156 F.3d 563, 568 (4th Cir. 1998) ("[W]e recognized implicitly that a claim for false arrest may be considered only when no arrest warrant has been obtained") (applying South Carolina law). Moreover, "an indictment, fair upon its face, returned by a properly constituted grand jury, conclusively determines the existence of probable cause." *Staggs v. Spartanburg Cnty. Det. Ctr.*, No. 8:22-cv-3852-HMH-JDA, 2022 WL 17742423, at *6 (D.S.C. Nov. 30, 2022) (referencing *Durham v. Horner*, 690 F.3d 183, 189 (4th Cir. 2012)), *report and recommendation adopted*, 2022 WL 17741327 (D.S.C. Dec. 16, 2022).

Here, the grand jury returned a true bill of indictment for each of the four criminal charges. *See* Darlington County Fourth Judicial Circuit Public Index, https://publicindex.sccourts.org/Darlington/PublicIndex/PISearch.aspx [search case numbers 2013GS1600603, 2013GS1600604, 2013GS1600605, and 2013GS1600606] (last visited Aug. 30, 2024). Thus, Plaintiff cannot establish malicious prosecution or false arrest in this case. *See Williams v. Maye*, No. 8:13-cv-2673-JMC, 2013 WL 5954801, at *3 (D.S.C. Nov. 7, 2013) ("[T]he issuance of the indictment in Plaintiff's state court case precludes Plaintiff's claims of false arrest and malicious prosecution because a grand jury indictment is affirmative evidence of probable cause sufficient to defeat claims for malicious prosecution and false arrest under § 1983.").

E.     Prosecutorial Immunity

Defendant Wilson should be dismissed as a party because, based on the facts alleged, he is entitled to prosecutorial immunity. Prosecutors have absolute immunity from damages for activities performed as "an officer of the court" where the conduct at issue was closely associated with the judicial phase of the criminal process. *See Van de Kamp v. Goldstein*, 555 U.S. 335, 341-343 (2009); *see also Hendricks v. Bogle*, 3:13-CV-2733-DCN, 2013 WL 6183982, at *2 (D.S.C. Nov. 25, 2013) ("In South Carolina, the Attorney General and his assistants function as prosecutors in criminal appeals [and] post-conviction relief actions, .... [and they have] absolute immunity for their prosecution-related activities in or connected with judicial proceedings."); *Pressley v. McMaster*, No. 3:14-cv-04025-JMC, 2015 WL 5178505, at *4 (D.S.C. Sept. 4, 2015) ("Representing the state's interest in criminal appeals or otherwise defending the validity of a conviction or sentence on appeal or in post-conviction proceedings is 'intimately associated with the judicial phase of the criminal process,' and thus constitutes an immune function."); *Garrett v. McMaster*, 7:07–2952–HFF–WMC, 2008 WL 3411673 (D.S.C. Aug. 11, 2008) (finding that the

13

Attorney General and a former Assistant Attorney General had prosecutorial immunity for conduct related to presenting the State's case). Therefore, because Plaintiff is attempting to assert a claim against Defendant Wilson based on his participation in Plaintiff's criminal proceedings (including any appeal or post-conviction proceeding), his claims against him are barred. *See Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985) (absolute immunity "is an *immunity from suit* rather than a mere defense to liability") (emphasis in original); *see also Savage v. Maryland*, 896 F.3d 260, 268 (4th Cir. 2018) ("In *Imbler v. Pachtman*, 424 U.S. 409, 430-32 [] (1976), the Supreme Court held that prosecutors are absolutely immune from damages liability when they act as advocates for the State.").

F.   Statute of Limitations

Plaintiff appears to allege claims about his arrest on the four criminal charges for which he was convicted in 2013, the searches related to those arrests, and what he refers to as his arrest on the SVPA proceedings on September 24, 2015. However, any such claims are barred by the applicable statute of limitations. For a § 1983 claim arising in South Carolina, the statute of limitations is three years. *See Owens v. Okure*, 488 U.S. 235, 240-241 (1989) ("Because § 1983 claims are best characterized as personal injury actions, ... a State's personal injury statute of limitations should be applied to all § 1983 claims."); *Owens v. Baltimore City State's Attorney Office*, 767 F.3d 379, 388 (4th Cir. 2014) ("[T]o determine the timely filing of a § 1983 claim, courts borrow the statute of limitations from the most analogous state-law cause of action. For § 1983 suits, that cause of action is a personal-injury suit.") (internal citations omitted); *Brannon v. Blanton*, No. 9:15-2434-CMC, 2016 WL 4232886, at *2 (D.S.C. Aug. 11, 2016) ("[T]he statute of limitations for § 1983 claims arising in South Carolina is three years, regardless of the underlying allegations of the § 1983 claim."). A § 1983 cause of action accrues when the plaintiff

possesses sufficient facts about the harm done to him that reasonable inquiry will reveal his cause of action. N*asim v. Warden, Md. House of Corr.*, 64 F.3d 951, 955 (4th Cir. 1995); *see also Wallace v. Kato*, 549 U.S. 384, 388 (2007) (providing that the accrual date of a § 1983 cause of action is a question of federal law).[8] Here, Plaintiff's causes of action as to claims as to his arrests and as to searches related to the four criminal charges arose more than three years prior to his filing this action and are thus barred by the applicable statute of limitations. *See Wallace v. Kato*, 549 U.S. at 390 (stating that the statute of limitations for a § 1983 false arrest or imprisonment claim begins to run when the plaintiff is bound over for trial); *Cramer v. Crutchfield*, 648 F.2d 943, 945 (4th Cir. 1981) (explaining cause of action for illegal search and seizure accrues on date of search).

### IV.    RECOMMENDATION

Based on the foregoing, it is recommended that the Court dismiss this action without prejudice, without leave to amend,[9] and without issuance and service of process.

**Plaintiff's attention is directed to the important notice on the following page.**

Molly H. Cherry
United States Magistrate Judge

September 3, 2024
Charleston, South Carolina

---

[8] While the statute of limitations is an affirmative defense that is subject to waiver if not timely raised in a responsive pleading (*see* Fed. R. Civ. P. 8(c)), the court is authorized to anticipate clearly apparent affirmative defenses available to defendants in determining whether, under § 1915, process should be issued. *Todd v. Baskerville*, 712 F.2d at 74; *see also Duncan v. West Virginia*, 597 F. Supp. 1195, 1196 (S.D.W. Va. 1984) ("Although some of the matters discussed constitute defenses, where the complaint on its face raises obvious and complete affirmative defenses, the Court may consider these defenses in ruling under 28 U.S.C. § 1915(d) [that a] complaint [is] frivolous.") (citation omitted).

[9] Here, any attempt to cure the deficiencies in the complaint would be futile for the reasons discussed above. *See Britt v. DeJoy*, 45 F.4th 790 (4th Cir. 2022) (noting that "[w]hen a district court dismisses a complaint or all claims without granting leave to amend, its order is final and appealable").

15

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> Post Office Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).